## EX PARTE COX, RYAN ET ALS.

### COURT OF APPEALS, AUSTIN TERM, 1882.

*Habeas corpus—Constitutional law—Change of venue before arraignment or plea—Jurisdiction—Practice.*—The act of August 21, 1876, to provide for the change of venue by the State in criminal cases, is constitutional.

While it would be better to follow the practice prescribed by the statute, and have the arraignment and plea entered before the venue is changed, still, it is not such an error, when omitted, as necessitates a reversal, and one which is and cannot be fully cured and corrected by arraigning the defendants and entering their plea in the new tribunal before trial.

It was error for the new tribunal to which the change of venue had been ordered to sustain defendants' motion to strike the cause from the docket for want of arraignment and plea before the change of venue. The jurisdiction properly and of right remains in the new tribunal, and its order striking the cause from the docket is a nullity.

Where defendants, by their own motion, cause the dismissal of their case from the proper tribunal, they cannot be allowed to complain that they were thereby deprived of a speedy trial.

The order striking the cause from the docket being a nullity, and without authority of law, the status of the case is not affected thereby, and the indictment is still legally pending in said court.

Appeal from Bexar county—Opinion by White, P. J.—The matter here presented is an original application to this court for the writ of habeas corpus, alleging that the applicants are illegally restrained of their liberty, and praying for a final discharge from custody.

A statement of all the material facts necessary to an understanding of the matters and things complained of has been agreed to and submitted, in connection with the application, for our consideration. In substance, they are as follows, viz: In December, A. D. 1876, applicants were indicted and arrested, in the county of DeWitt, for the murder of one Dr. Phillip Brazell. Another case, growing out of the same transaction, was before this court, and will be found reported in full in the case of Cox, Ryan and Sitterlee vs. The State (8 Texas Ct. App., 254.) As in that case, so in this, the district judge, of his own motion, changed the venue to the county of Bexar. To this order changing the venue, these defendants objected, upon the same grounds as in the other case, and saved similar exceptions to the action of the court in overruling said objections. No other objections or exceptions were urged and taken in the District Court of DeWitt county before the case was transferred to Bexar county under the order for change of venue. At the June term, 1881, of the Bexar District Court, a motion was made by defendants to strike the cause from the docket of said court, and remand the same for trial to the District Court of De-Witt county. This motion was based upon two grounds: first, the unconstitutionality of the law of 1876, under which the venue had

been changed; and, second, for the reason that the defendants had not been arraigned, nor had they pleaded or been required to plead, or a plea been entered for them, in the District Court of DeWitt county, before the transfer of the case to Bexar county under the order changing the venue.

This motion was sustained upon the second ground stated. The cause was stricken from the docket of said court and ordered to be remanded to the District Court of DeWitt county.

When the case was reached and called for trial in the District Court of DeWitt county, that court made the following order, to-wit: "This cause being reached upon call of the docket, and it appearing from an inspection of the record that the venue herein was by an order of this court, made at the December term, 1877, upon motion of the judge presiding, changed from this county to the county of Bexar, and that the cause has been remanded by the District Court of Bexar county to this court, because, in its judgment, this court has neither jurisdiction of the cause nor of the persons of the defendants, its jurisdiction having been divested by the order made aforesaid, in December, 1877, this court declines and will decline to take cognizance of the case until ordered to do so by the Court of Appeals; and it is therefore ordered that the papers in this cause, together with a copy of this order, be returned, by the clerk of this court, to the clerk of the District Court of Bexar county, and that the case be stricken from the docket of this court; and to which judgment and order of this court defendants, by their counsel, except."

Since this latter order was made, which was on the seventeenth day of January, 1882, neither of the two courts mentioned have assumed or will entertain jurisdiction of said cause, and both the judges presiding in the respective courts, though application has been made to each, have refused to grant writs of habeas corpus prayed for by defendants.

Under the circumstances they seek redress here and claim:

1. That the original order of change of venue from DeWitt county was a nullity, and that the District Court of Bexar county, in consequence having acquired no jurisdiction, was right in striking it from its docket and remanding it to DeWitt.

2. That the District Court of DeWitt county erred in refusing to reassume jurisdiction of the case; and,

3. That in consequence of the action of said courts defendants have been deprived of their constitutional right to "a speedy pub-

lic trial," and in fact that there is now no indictment pending against them in any court for the murder of Dr. Phillip Brazell, and they are of right entitled to and should be discharged from further custody.

As to the original order for change of venue, this court had occasion and did discuss the matter fully with reference to the supposed unconstitutionality of the act of 1876, and we hold that the act was constitutional and the order sufficient. (Cox et al. vs. The State, 8 Texas Ct. App., 254.) But it is urgently insisted that the change of venue was a nullity because the statutory requirement with regard to the arraignment and plea was not observed before the venue was changed, and that upon this ground the District Court of Bexar county properly refused and declined jurisdiction.

The statute referred to as prescribing and regulating the practice provides that "an application for a change of venue may be heard and determined before either party has announced ready for trial; but in all cases before a change of venue is ordered all motions to set aside the indictment, and all special pleas and exceptions which are to be determined by the judge, and which have been filed, shall be disposed of by the court, and if overruled, the plea of not guilty entered." (C. C. P., art. 580.)

It is to be recollected that in the case before us no objection or exception was made and reserved in the DeWitt Court to the fact that the venue was changed without arraignment or plea, and this objection was made for the first time in the District Court of Bexar county. It has been repeatedly held in this State that the order changing the venue cannot be attacked in the new tribunal by plea to the jurisdiction or otherwise. (Harrison vs. State, 3 Texas Ct. App., 558; Preston vs. State, 4 Ct. App., 186; Brown vs. State, 6 Texas Ct. App., 286; Rothschild vs. State, 7 Texas Ct. App., 719; Krebs vs. State, 8 Texas Ct. App., 1.)

Suppose, however, that this objection could have been urged in the new tribunal (the District Court of Bexar), was the objection a good one and one for which the cause should have been stricken from that docket? We are not left without authority from our own courts in the solution of this question. Not exactly in this shape, it is true, but in principle and by analogy, the same question was submitted to our Supreme Court in Caldwell's case, and after copying the statute we have quoted and showing the reasons for its adoption, Ch. J. Roberts proceeds: "It is contended that the

conviction is erroneous because of the neglect or omission of the court to have the defendant arraigned before the change of venue, as required by the statute. * * * It is not perceived what possible injury to the defendant could have been produced by this omission or error of the court. It was, therefore, no ground for a new trial, and it can surely not be contended that it would be a good ground for arresting the judgment and discharging the prisoner. This objection was properly overruled." (Caldwell vs. State, 41 Texas, 86.) This, in our opinion, is conclusive of the question, and whilst it would be better always to follow the practice prescribed by statute and have the arraignment and plea entered before the venue is changed, still it is not such an error when omitted as necessitates a reversal, and one which is and cannot be fully cured and corrected by arraigning the defendants and seeing that their plea is properly entered in the new tribunal before the trial is entered upon and proceeded with. For at last, the issue, whatever it be, is to be tried by a jury in the new forum, and so it is submitted to them, we cannot see how a failure to have made it in the court which was not expected to try it can prejudice in the least, or even affect, the rights of the defendants. The question was not a jurisdictional one. Had the point been made in the court *a quo*, and the court had refused to entertain it, another and more serious question would have been presented. We are of opinion that the District Court of Bexar county erred in sustaining the motion of the defendants to strike the case from its docket upon this ground, and that its order striking the case and remanding it to De Witt was a nullity. It follows necessarily that the district court of De Witt did not err in its order declining to reassume jurisdiction, because its jurisdiction had been rightly divested by the order of December, 1877, changing the venue.

The conclusion of the whole matter is that the jurisdiction of this case, properly and of right, remains in the District Court of Bexar county, and it is the order of this court that the papers and record be returned to and be redocketed by the district clerk of Bexar county, that the case may be heard, tried and determined in said tribunal.

As to the objection that defendants have been deprived of a speedy trial, they have no right to complain, because it was upon their own motion that the case was dismissed without warrant of law from the proper forum. The position that there is no indictment

pending against them is equally untenable, because the order of the District Court of Bexar county, being without authority of law and a nullity, has not affected the status of the case, and the indictment is still legally pending for trial in said district court.

It is ordered that the case against applicants bo returned to and redocketed for trial on the docket of the District Court of Bexar county, where it rightfully belongs, and that applicants be retained in the custody of the sheriff of Bexar county to await the action of said court.